UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| RHANDI DANELL THOMAS, | : | CASE NO. 16-54216-PMB |
| | : | |
| Debtor. | : | |
| | : | |

**TRUSTEE'S MOTION FOR APPOINTMENT OF SPECIAL COUNSEL**

COMES NOW S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**" or "**Applicant**") for the bankruptcy estate of Rhandi Danell Thomas ("**Ms. Thomas**"), and moves this Court for an Order authorizing Trustee to retain as special/appellate counsel on behalf of the estate: Schonbrun Seplow Harris & Hoffman LLP (collectively referred to as "**Special Counsel**") to represent the estate with respect to any and all claims outstanding related to and arising out of the beating death of Darren Burley on August 3, 2012 ("**Incident**"), respectfully showing this Court as follows:

1.  Ms. Thomas filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States code on March 4, 2016 (the "**Petition Date**").

2.  Trustee has investigated the pre-petition claims of Ms. Thomas against certain individuals arising from the Incident as set forth above (the "**Claims**").

3.  Ms. Thomas scheduled her interest in the Claims at Question 34 of *Schedule A/B: Property* to disclose appropriately the Claims and schedule an exemption up to 100% fair market value, up to any applicable statutory limit.

4.  On her *Schedule C: The Property You Claim as Exempt* ("**Schedule C**")*,* Debtor scheduled the Claims with a current value as "none" and checked the box indicating a claim of

1

exemption in the amount of "100% of fair market value, up to any applicable statutory limit" under O.C.G.A. § 44-13-100(a)(6) (the "**Wrongful Death Exemption**"). [Doc. No. 1 at page 31 of 63].

5. On June 9, 2016, Trustee filed an objection [Doc. No. 13] to Ms. Thomas's claimed exemptions, including her Wrongful Death Exemption in the Claims. Following this objection, the Court entered a consent order [Doc. No. 31], limiting Debtor's claimed exemptions in the Claims to $11,098.00 under O.C.G.A. § 44-13-100(a)(6).

6. Prior to the Petition Date, the Claims had been adjudicated, but the award has been appealed to the Supreme Court of California, the highest court in California.

7. More specifically, Debtor and her co-defendants obtained a judgment in the Los Angeles Superior Court against the County of Los Angeles and its employees in the case entitled *Burley et al v County of Los Angeles*, Case No. BC505918, arising out of the death of Darren Burley, the father of Daniel and Dylan Burely. The Burley case was consolidated with two other cases, *Earl v County of Los Angeles, et al.* Case No. TC027348 and *Scott et al v County of Los Angeles*, Case No. TC027341. The cases were tried resulting in a verdict and judgments for Plaintiffs against Defendants County of Los Angeles and Sheriff's Deputies Aviles and Beserra. The Defendants filed an appeal from the judgments and the plaintiffs filed cross appeals in the California Court of Appeal in the consolidated case entitled *B.B. v. County of Los Angeles*, Court of Appeal Case No. B264946.

8. On July 10, 2018, the Court of Appeal issued a ruling in which it reversed the amount of the judgments against Defendant Aviles. Specifically, the Court of Appeal held that Defendant Aviles was only responsible for 20% of the judgments, instead of the original 100% of the judgment as found by the Superior Court. The Court of Appeal also granted Plaintiffs' cross

appeal and reinstated Plaintiffs' claims under the Bane Act (Civil Code Section 52.1) which had been dismissed before trial by the Superior Court.

9. Trustee has selected Special Counsel for their well-known experience and qualifications in this type of appellate litigation and because Debtor's trial counsel highly recommends them. The verified statements of Special Counsel are attached and incorporated herein as Exhibit "A."

10. The professional services Special Counsel may render include:

    (a) To give Trustee legal advice regarding any appeal or settlement offer with respect to the Claims;

    (b) To examine and defend the examination of witnesses in the Claims matters in deposition, administrative hearings, or at trial;

    (c) To prepare on Plaintiff/Trustee's behalf motions, pleadings, discovery papers, and all other papers reasonably necessary to pursue and defend said Claims;

    (d) To prosecute any appeals or related proceedings as may arise from the Claims matters; and

    (e) To perform all other legal services for Plaintiff/Trustee in the Claims matters.

11. A true and correct copy of the retainer agreement that Special Counsel has asked Trustee to sign is attached as Exhibit "B" (the "**Contract**"). The Contract provides that Special Counsel will be will be entitled to 10% of any judgment or amount of settlement which is *in excess*

*of* the amount of the judgment as determined by the Court of Appeal in its July 10, 2018 Opinion when it reduced Defendant Aviles responsibility for 100% to 20%. However, now that Trustee is seeking the employment of Special Counsel, any proposed settlement or fee awarded to Special Counsel will be subject to and not binding without approval of the Bankruptcy Court.

12. To the best of Trustee's knowledge, Special Counsel has no connection with Ms. Thomas's creditors, or any other party in interest, or their respective attorneys. More particularly, to the best of Applicant's knowledge, and except as otherwise disclosed herein and in the Bankruptcy Rule 2014 Verification of Special Counsel, the firm has no connection with the aforementioned Debtor, her creditors, any party in interest in this case, their attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Said firm does not hold or represent an interest adverse to the estate, does not represent any creditor or other known interested party, and is a disinterested person under 11 U.S.C. § 327(a), as that term is defined in 11 U.S.C. § 101(14).

13. Special Counsel represents no interest adverse to Trustee or the estate in the matters upon which Special Counsel is to be engaged and the employment of Special Counsel would be in the best interests of this estate.

14. The Contract would continue as the fee arrangement for Special Counsel, except that Special Counsel's services would be subject to approval of this Court.

15. Trustee proposes that Special Counsel be compensated for its services in accordance with future orders of the Court based upon the criteria for professional compensation required by bankruptcy law. No compensation will be paid by Trustee to Special Counsel except upon application to and approval by the Court after notice and hearing as required by law.

WHEREFORE, Trustee prays that this Motion be granted, enabling him to retain Special Counsel as special counsel for such purposes as requested herein and that the Court grant such other relief as is just and proper.

Respectfully submitted this 5th day of February, 2019.

                                            ARNALL GOLDEN GREGORY LLP
                                            *Attorneys for Trustee*

                                            By:   */s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100                 Michael J. Bargar
Atlanta, GA 30363                                     Georgia Bar No. 645709
(404) 873-8500                                          michael.bargar@agg.com

13087581v1

EXHIBIT "A"

RULE 2014 VERIFICATION WITH REGARD TO
EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1. I am a partner at the law firm of Schonbrun Seplow Harris & Hoffman LLP (the "**Firm**").

2. The Firm has been asked to represent S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Rhandi Danell Thomas ("**Debtor**") as special counsel, and more particularly as appellate counsel. To the best of my knowledge, the Firm has no professional, business, or other connection with the aforementioned Debtor, her attorney, creditors, or any party in interest in this case, except as set forth herein. The Firm has represented and does represent Debtor in the matter related to the beating death of Darren Burley on August 3, 2012.

3. I am and every person in the Firm is a "disinterested person" as defined by Section 101(14) of the Bankruptcy Code, regarding the aforementioned Debtor, Rhandi Danell Thomas, Ch. 7, Case No. 16-54216-PMB, now pending in the United States Bankruptcy Court for the Northern District of Georgia.

4. Neither I nor any person in the Firm is related to any Judge of this Court, or so connected now or in the past with any Judge of this Court as to render such appointment improper.

5. I acknowledge, understand, and agree that the Contracts for Services (Exhibit "B" to the Application) will not apply to Trustee with respect to (a) cost reimbursements unless so approved by the Bankruptcy Court in this case and (b) associating other counsel unless Trustee and Bankruptcy Court authorize it.

6. I further acknowledge, understand, and agree that (a) only Trustee can authorize, and the Bankruptcy Court in this case approve, settlements of the subject claims, (b) no settlement is binding or valid unless authorized by Trustee and approved by the Bankruptcy Court in this case, (c) that the gross proceeds of any settlement approved by Bankruptcy Court must be remitted to Trustee with no hold back for payment of compensation or reimbursement of expenses to me or my law firm, (d) that only after an award by the Bankruptcy Court in this case, after appropriate application by Trustee, of my fees and expenses will I or my law firm be entitled to be paid such compensation and receive reimbursement of such expenses by Trustee.

7. I further represent and warrant that the Firm, maintains errors and omissions insurance coverage in the amount of $3,000,000 and has provided or will provide a copy of its policy to Trustee within ten (10) days hereof.

8. I further acknowledge, understand, and agree that a discharge issued in the case

13087581v1

has no effect on Trustee's administration of this claim or the foregoing conditions of my employment.

9.     The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this 28th day of January, 2019.

_____
Michael D. Seplow
California Bar No. 150183

**EXHIBIT "B" FOLLOWS**

13087581v1

# SCHONBRUN SEPLOW
# HARRIS & HOFFMAN LLP

11543 West Olympic Boulevard
Los Angeles, CA 90064
(310) 396-0731
(310) 399-7040 (fax)
www.sshhlaw.com

Benjamin Schonbrun
Michael D. Seplow
Wilmer J. Harris
Paul L. Hoffman
Catherine E. Sweetser
Aidan C. McGlaze
Colleen M. Mullen
John Washington
Stephanie K. Yu

Of Counsel
Erwin Chemerinsky
*Illinois and Dist. Columbia

South Pasadena Office
715 Fremont Avenue
Suite A
South Pasadena, CA 91030
(626) 441-4129
(626) 283-5770 (fax)

## RETAINER AGREEMENT RE APPEAL TO CALIFORNIA SUPREME COURT

This Retainer Agreement (AGREEMENT) is made at Los Angeles, California, by and between minors Daniel Burley and Dylan Burley, by and through their Guardian Ad Litem Terri Thomas and Rhandi Thomas, individually and as successor in interest to the Estate of Darren Burley, (CLIENTSS) and their attorney **CARL E. DOUGLAS** and **SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP** (SSHH). The AGREEMENT consists of the terms and conditions set forth below.

1. **NATURE AND SCOPE EMPLOYMENT OF SSHH BY CLIENTS**

CLIENTS obtained a judgment in the Los Angeles Superior Court against the County of Los Angeles and its employees in the case entitled *Burley et al v County of Los Angeles*, Case No. BC505918, arising out of the death of Darren Burley, the father of Daniel and Dylan Burely. The *Burley* case was consolidated with two other cases, *Earl v County of Los Angeles, et al.* Case No. TC027348 and *Scott et al v County of Los Angeles*, Case No. TC027341. The cases were tried resulting in a verdict and judgments for Plaintiffs against Defendants County of Los Angeles and Sheriff's Deputies Aviles and Beserra. The Defendants filed an appeal from the judgments and the plaintiffs filed cross appeals in the California Court of Appeal in the consolidated case entitled *B.B. v. County of Los Angeles*, Court of Appeal Case No. B264946.

On July 10, 2018, the Court of Appeal issued a ruling in which it reversed the amount of the judgments against Defendant Aviles. Specifically, the Court of Appeal held that Defendant Aviles was only responsible for 20% of the judgments, instead of the original 100% of the judgment as found by the Superior Court. The Court of Appeal also granted Plaintiffs' cross appeal and reinstated Plaintiffs' claims under the Bane Act (Civil Code Section 52.1) which had been dismissed before trial by the Superior Court.

By this AGREEMENT, CLIENTS retains SSHH to represent CLIENTS for the purposes of filing a petition for Rehearing in the Court of Appeal and then filing a Petition for Review in

CLIENTS' INITIALS_____
13087586v1

the California Supreme Court and, if the Petition for Review is granted, performing all necessary work in connection with proceedings before the California Supreme Court, with the assistance of Carl E. Douglas. In the event that the Defendants also seek review in the California Supreme Court, SSHH, with the assistance of Carl E. Douglas, will also perform all necessary in connection with Defendants' Petition for Review and other proceedings before the California Supreme Court.

A.  This AGREEMENT contemplates SSHH's services only for the matter set forth in the preceding paragraph. It does <u>NOT</u> include any antecedent, subsequent or related matters, or procedures beyond the specified matter.

B.  CLIENTS acknowledges that if SSHH's services are requested for other matters, an additional Retainer Agreement must be executed by CLIENTS and SSHH, with terms to be discussed and determined at that time.

C.  CLIENTS acknowledges that SSHH does not provide tax or financial advice and CLIENTS is advised to seek independent professional advice as to the tax or financial consequences of any recovery obtained on behalf of CLIENTS.

**2.  COMPUTATION OF FEES**

In consideration for the legal services rendered, or to be rendered, by SSHH on behalf of CLIENTS in the prosecution of the specific matter, CLIENTS agrees to pay SSHH as follows:

A. THIS LEGAL FEE DOES NOT INCLUDE ANY AMOUNTS OWED FOR COSTS, pursuant to Paragraph 3, below.

B. SSHH will be entitled to 10% of any judgment or amount of settlement which is *in excess of* the amount of the judgment as determined by the Court of Appeal in its July 10, 2018 Opinion when it reduced Defendant Aviles responsibility for 100% to 20%.

**3.  COSTS AND EXPENSES**

Any and all costs paid or incurred by SSHH on CLIENTS'S behalf will be reimbursed to SSHHs in the event of settlement or judgment.

A.  "Costs" are defined as expenses which SSHH deems necessary for the processing of this matter. Such expenses include, but are <u>not</u> limited to online legal research, photocopy and scanning costs, postage costs, overnight delivery charges, printing charges, court filing fees, messenger and court filing services, travel expenses and other necessary costs

B.  Costs and expenses will be advanced by SSHH and will be itemized. NOTE: COSTS ARE BILLED SEPARATELY, AND ARE <u>NOT</u> INCLUDED IN THE CONTINGENCY FEE outlined in Paragraph 2, above.

CLIENTS' INITIALS_____
13087586v1

4.   **INFORMATION REGARDING FEES AND COSTS**

Except for medical malpractice cases, in which the California Legislature has set certain maximum permissible contingent fees, the contingent fee percentage that SSHH may charge a CLIENTS is <u>not</u> arbitrarily set by law. Such fees may be negotiated between SSHH and the CLIENTS. With that fact in mind, both SSHH and CLIENTS agree to the contingent fee arrangement set forth in Paragraph 2 above.

CLIENTS acknowledges that CLIENTS has the right to consult with independent counsel, and has consulted with attorney Carl E. Douglas regarding the terms of this agreement prior to entering into this agreement.

To the extent that any attorneys' fees to be paid to SSHH require Court approval because Daniel Burley and Dylan Burley are minors, Terri Thomas and Rhandi Thomas, as guardians ad litem, ~~agree to be bound by the terms of this agreement on behalf of the minor children and~~ agree to cooperate in obtaining Court approval of any attorneys' fees to be paid to SSHH under the terms of this agreement.

5.   **SSHH'S LIEN**

To secure the payment of monies due the SSHH under this AGREEMENT, CLIENTS gives and grants to SSHH a lien on the above-specified matter, to the maximum extent permissible by law.

6.   **CLIENTS'S RIGHT TO DISCHARGE SSHH**

CLIENTS reserves the right to discharge SSHH as CLIENTS's counsel at CLIENTS's discretion, with or without cause.

A.   In the event CLIENTS exercises this right, however, SSHH shall be entitled to full reimbursement for any costs advanced or incurred while SSHH was handling CLIENTS's claim if there is a settlement or plaintiff's verdict.

B.   In the event CLIENTS exercises this right, SSHH shall also be entitled to the reasonable value of SSHH's services. "Reasonable value of SSHH's services" is defined as the greater of:

   i.   SSHH's current hourly rate, which at this time $950 for Paul Hoffman and Erwin Chemerinsky, $850 for Michael D. Seplow, $650 for Aidan C. McGlaze, $400 for Colleen M. Mullen, $350 for John Washington, $300-$500 for other associates, and $150-$200 for Paralegals or Law Clerks. These hourly fees may be changed from time to time as SSHH deems advisable. **or**

   ii.   In the event that a settlement offer has been made prior to the discharge of SSHH, SSHH shall be entitled to his contingency fee (as set forth in paragraph 2.A) based upon the amount of the highest settlement offer made prior to SSHH's discharge.

CLIENTS' INITIALS_____
13087586v1

7.   **SSHH'S RIGHT TO WITHDRAWAL**

SSHH reserves the right to withdraw as counsel for CLIENTS at any time upon reasonable notice to CLIENTS of SSHH's intention to withdraw based on good cause, including breach of this agreement or failure to cooperate. SSHH shall be entitled to full reimbursement for any costs advanced or incurred while SSHH was handling CLIENTS's matter.

8.   **NO GUARANTEES**

CLIENTS acknowledges that SSHH has made no guarantees regarding the successful termination of CLIENTS's matter. Nor has SSHH made any guarantee regarding the amount of possible recovery or the type of relief, if any, which CLIENTS may obtain as a result of SSHH's services.

9.   **INTEGRATION CLAUSE – COMPLETE AGREEMENT**

This AGREEMENT is fully integrated, containing all agreements between CLIENTS and SSHH. Any additions or modifications to this agreement <u>must be in writing and signed by SSHH and CLIENTS</u>.

10.   **MALPRACTICE INSURANCE**

We advise you that this firm maintains professional errors and omissions insurance coverage applicable to the services to be rendered under this agreement.

11.   **FILE RETENTION and DESTRUCTION**

At the conclusion of this matter, we will retain your legal files for a period of seven (7) years after we close our file. At the expiration of the seven-year period, we will destroy these files unless you notify us in writing that you wish to take possession of them.

12.   **MISCELLANEOUS**

This AGREEMENT shall be binding on CLIENTS and SSHH, their assigns, executors, administrators, heirs, and all other successors in interest.

```
CLIENTS' INITIALS_____
13087586v1
```

By signing this agreement, all parties acknowledge that they have carefully read and reviewed the terms of this agreement and that they understand it and agreed to be bound by these terms.

_____    _____
Date                **Terri Thomas, guardian ad litem for minors Daniel Burley and Dylan Burley and successor in interest to the Estate of Darren Burley**

_____    _____
Date                S. Gregory Hays, as and only as Chapter 7 Trustee for the bankruptcy estate of **Rhandi Thomas, guardian ad litem for minors Daniel Burley and Dylan Burley and successor in interest to the Estate of Darren Burley**

_____    _____
Date                **CARL E. DOUGLAS, ESQ.**


**SCHONBRUN SEPLOW HARRIS & HOFFMAN LLP**

_1/29/19_    _____
Date                **MICHAEL D. SEPLOW, ESQ.**

CLIENTS' INITIALS_____
13087586v1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing *TRUSTEE'S MOTION FOR APPOINTMENT OF SPECIAL COUNSEL* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class mail to the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Rhandi Danell Thomas
2678 Rambling Way
Lithonia, GA  30058

Jonathan A. Proctor
The Semrad Law Firm, LLC
Sterling Point II
303 Perimeter Center North
Suite 201
Atlanta, GA  30346

Carl E. Douglas
The Douglas Firm, APC
8484 Wilshire Blvd, Suite 548
Beverly Hills, CA  90211

Michael D. Seplow
Schonbrun Seplow Harris & Hoffman LLP
11543 West Olympic Boulevard
Los Angeles, CA 90064

13087581v1

This 5th day of February, 2019.

>*/s/ Michael J. Bargar*
>Michael J. Bargar
>Georgia Bar No. 645709