UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE:                          :        CHAPTER 7
                                :
RHANDI DANELL THOMAS,           :        CASE NO. 16-54216-PMB
                                :
    Debtor.                   :
                                :

**AMENDED APPLICATION TO EMPLOY SPECIAL COUNSEL FOR TRUSTEE**

    COMES NOW S. Gregory Hays, as Chapter 7 Trustee (the "**Trustee**" or "**Applicant**") for
the bankruptcy estate of Rhandi Danell Thomas ("**Ms. Thomas**" or "**Debtor**"), and moves pursuant
to 11 U.S.C. §§ 327(a) and 330 (the "**Motion**") to employ Carl E. Douglas of Douglas/Hicks Law,
APC ("**Douglas**") and Antablin & Bruce, ALP (collectively with Douglas, "**Special Counsel**")
for their representation of Ms. Thomas in certain claims arising out of the death of Darren Burley on
August 3, 2012 ("**Incident**").  In support of the Motion, Trustee respectfully shows this Court as
follows:

**Jurisdiction and Venue**

    1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is
a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§
1408 and 1409(a).

**Background**

    2.    Ms. Thomas filed a voluntary petition for relief under Chapter 7 of Title 11 of the
United States code on March 4, 2016 (the "**Petition Date**").

13752668v3

3.     Trustee has investigated the pre-petition claims of Ms. Thomas against certain individuals arising from the Incident, as set forth above (the "**Claims**").

4.     Ms. Thomas scheduled her interest in the Claims at Question 34 of *Schedule A/B: Property* to disclose appropriately the Claims and scheduled an exemption up to 100% fair market value, up to any applicable statutory limit.

5.     On her *Schedule C: The Property You Claim as Exempt* ("**Schedule C**")*,* Debtor scheduled the Claims with a current value as "none" and checked the box indicating a claim of exemption in the amount of "100% of fair market value, up to any applicable statutory limit" under O.C.G.A. § 44-13-100(a)(6) (the "**Wrongful Death Exemption**"). [Doc. No. 1 at page 31 of 63].

6.     On June 9, 2016, Trustee filed an objection [Doc. No. 13] to Ms. Thomas's claimed exemptions, including her Wrongful Death Exemption in the Claims.  Following this objection, the Court entered a consent order [Doc. No. 31] (the "**Exemption Order**"), limiting Debtor's claimed exemptions in the Claims to $11,098.00 under O.C.G.A. § 44-13-100(a)(6) (the "**Allowed Exemption**").

7.     Prior to the Petition Date, the Claims had been adjudicated, but the award had been appealed—most recently to the Supreme Court of California, which is the highest court in California.

8.     More specifically, Ms. Thomas and her co-plaintiffs obtained a judgment in the Los Angeles Superior Court against the County of Los Angeles and its employees in the case entitled *Burley et al v County of Los Angeles*, Case No. BC505918, arising out of the death of Darren Burley, the father of Daniel and Dylan Burely. The Burley case was consolidated with two other cases, *Earl v County of Los Angeles, et al.* Case No. TC027348 and *Scott et al v County of Los*

*Angeles*, Case No. TC027341. The cases were tried resulting in a verdict and judgments for Plaintiffs against Defendants County of Los Angeles and Sheriff's Deputies Aviles and Beserra. The Defendants filed an appeal from the judgments and the plaintiffs filed cross appeals in the California Court of Appeal in the consolidated case entitled *B.B. v. County of Los Angeles*, Court of Appeal Case No. B264946 (the "**Appeal**").

9.      On July 10, 2018, the Court of Appeal issued a ruling in which it reversed the amount of the judgments against Defendant Aviles.  Specifically, the Court of Appeal held that Defendant Aviles was only responsible for 20% of the judgments, instead of the original 100% of the judgment as found by the Superior Court.  The Court of Appeal also granted Plaintiffs' cross appeal and reinstated Plaintiffs' claims under the Bane Act (Civil Code Section 52.1) which had been dismissed before trial by the Superior Court.

10.     The County of Los Angeles (the "**County**") has agreed to pay the 40% portion of the underlying $8,000,000.00 verdict that is not subject to the petition for review currently being considered by the California Supreme Court.  With interest, the County has agreed to pay Ms. Thomas two point five percent (2.5%) of the verdict that the court approved, which amounts to $103,581.39 (the "**County Payment**").

11.     On or about August 18, 2012, prior to the Petition Date, Ms. Thomas entered into a Contingency Fee Retainer Agreement with Special Counsel, a true and correct copy of which is attached hereto as **Exhibit "B"** (the "**First Contract**"), to pursue the Claims.  The Contract provides that Special Counsel will be paid one-third of any total amount recovered if a complaint is not filed and 40% of any total amount recovered if a complaint is filed, and in either case will be reimbursed for out-of-pocket expenses.

12.     On September 8, 2015, also prior to the Petition Date, Ms. Thomas entered into a second retainer agreement (the "**Second Contract**") with Douglas in connection with the Appeal, a true and correct copy of which is attached hereto as **Exhibit "C"**.  The Second Contract provides that Douglas will receive 10% of any amounts recovered in addition to the 40% paid under the Contract.

13.     On March 8, 2019, Trustee filed an application [Doc. No. 43] (the "**Initial Employment Application**") to employ Special Counsel.  On March 11, 2019, the Court entered an order [Doc. No. 44], approving the employment of Special Counsel.

14.     Trustee files this amended employment application to seek approval of the additional 10% contingency fee.  The Second Contract and the additional fee should have been included in the Initial Employment Application, but were unintentionally omitted.

15.     Trustee has selected Special Counsel for their well-known experience and qualifications in this type of litigation and because Special Counsel has been handling the foregoing Claims for Ms. Thomas pre and post-petition.  The verified statements of Special Counsel are attached and incorporated herein as Exhibit "A-1" and Exhibit "A-2".

16.     The professional services Special Counsel may render or may have already rendered include:

> (a)     To give Trustee legal advice regarding any trial or settlement offer with respect to the Claims;
>
> (b)     To examine and defend the examination of witnesses in the Claims matters in deposition, administrative hearings, or at trial;
>
> (c)     To prepare on Trustee's behalf motions, pleadings,

discovery papers, and all other papers reasonably

necessary to pursue said Claims;

(d)     To prepare form of pre-trial orders, prepare the cases

for trial, try the cases, and prosecute any appeals or

related proceedings as may arise from the Claims

matters; and

(e)     To perform all other legal services for Trustee in the

Claims matters.

17.     Special Counsel has not entered into any agreement, expressed or implied, with the Debtor or any other party in interest herein, or any attorney for any such persons for the purpose of fixing the amount of fees or any other compensation to be allowed out of or paid from the assets of the Debtor.

18.     No agreement or understanding exists between Special Counsel and any other persons or firms for the sharing of compensation which may be allowed by this Application, and no such sharing or division shall be made.

19.     To the best of Trustee's knowledge, Special Counsel acting as special counsel in this case will be in the best interests of the Bankruptcy Estate, Debtor, creditors, and all other parties in interest. Said firm does not hold or represent an interest adverse to the estate, does not represent any creditor or other known interested party, and is a disinterested person under 11 U.S.C. § 327(a), as that term is defined in 11 U.S.C. § 101(14).

WHEREFORE, Trustee prays that this amended application be granted, enabling him to retain Counsel as special counsel pursuant to the terms of the First Contract and Second Contract

and for such purposes as requested herein and that the Court grant such other relief as is just and

proper.

      Respectfully submitted this 25th day of November, 2019.


                         ARNALL GOLDEN GREGORY LLP
                         *Attorneys for Trustee*

                         By:    */s/ Michael J. Bargar*

171 17th Street, NW, Suite 2100             Michael J. Bargar
Atlanta, GA 30363                     Georgia Bar No. 645709
(404) 873-8500                        michael.bargar@agg.com

13752668v3

## EXHIBIT "A-1"

## RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1.  I am a partner at the law firm of Douglas/Hicks Law, APC (the "**Firm**").

2.  The Firm has been asked to represent S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Rhandi Danell Thomas ("**Debtor**") as special counsel. To the best of my knowledge, the Firm has no professional, business, or other connection with the aforementioned Debtor, her attorney, creditors, or any party in interest in this case, except as set forth herein. The Firm has represented and does represent Debtor in the matter related to the beating death of Darren Burley on August 3, 2012.

3.  I am and every person in the Firm is a "disinterested person" as defined by Section 101(14) of the Bankruptcy Code, regarding the aforementioned Debtor, Rhandi Danell Thomas, Ch. 7, Case No. 16-54216-PMB, now pending in the United States Bankruptcy Court for the Northern District of Georgia.

4.  Neither I nor any person in the Firm is related to any Judge of this Court, or so connected now or in the past with any Judge of this Court as to render such appointment improper.

5.  I acknowledge, understand, and agree that the Contracts for Services (Exhibit "B" to the Application) will not apply to Trustee with respect to (a) cost reimbursements unless so approved by the Bankruptcy Court in this case and (b) associating other counsel unless Trustee and Bankruptcy Court authorize it.

6.  I further acknowledge, understand, and agree that (a) only Trustee can authorize, and the Bankruptcy Court in this case approve, settlements of the subject claims, (b) no settlement is binding or valid unless authorized by Trustee and approved by the Bankruptcy Court in this case, (c) that the gross proceeds of any settlement approved by Bankruptcy Court must be remitted to Trustee with no hold back for payment of compensation or reimbursement of expenses to me or my law firm, (d) that only after an award by the Bankruptcy Court in this case, after appropriate application by Trustee, of my fees and expenses will I or my law firm be entitled to be paid such compensation and receive reimbursement of such expenses by Trustee.

7.  I further represent and warrant that Douglas/Hicks Law, APC, maintains errors and omissions insurance coverage in the amount of $ _1,000,000.00_ and has provided or will provide a copy of its policy to Trustee within ten (10) days hereof.

8.  I further acknowledge, understand, and agree that a discharge issued in the case has no effect on Trustee's administration of this claim or the foregoing conditions of my employment.

9.     The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this **22** day of November, 2019.

_____
Carl E. Douglas
California Bar No. 97011

## EXHIBIT "A-2"

## RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT OF ATTORNEYS

The undersigned hereby declares under penalty of perjury:

1.     I am a partner at the law firm of Antablin & Bruce, ALP (the "**Firm**").

2.     The Firm has been asked to represent S. Gregory Hays, as Chapter 7 Trustee ("**Trustee**") in the bankruptcy case of Rhandi Danell Thomas ("**Debtor**") as special counsel.  To the best of my knowledge, the Firm has no professional, business, or other connection with the aforementioned Debtor, her attorney, creditors, or any party in interest in this case, except as set forth herein.  The Firm has represented and does represent Debtor in the matter related to the beating death of Darren Burley on August 3, 2012.

3.     I am and every person in the Firm is a "disinterested person" as defined by Section 101(14) of the Bankruptcy Code, regarding the aforementioned Debtor, Rhandi Danell Thomas, Ch. 7, Case No. 16-54216-PMB, now pending in the United States Bankruptcy Court for the Northern District of Georgia.

4.     Neither I nor any person in the Firm is related to any Judge of this Court, or so connected now or in the past with any Judge of this Court as to render such appointment improper.

5.     I acknowledge, understand, and agree that the Contracts for Services (**Exhibit "B"** to the Application) will not apply to Trustee with respect to (a) cost reimbursements unless so approved by the Bankruptcy Court in this case and (b) associating other counsel unless Trustee and Bankruptcy Court authorize it.

6.     I further acknowledge, understand, and agree that (a) only Trustee can authorize, and the Bankruptcy Court in this case approve, settlements of the subject claims, (b) no settlement is binding or valid unless authorized by Trustee and approved by the Bankruptcy Court in this case, (c) that the gross proceeds of any settlement approved by Bankruptcy Court must be remitted to Trustee with no hold back for payment of compensation or reimbursement of expenses to me or my law firm, (d) that only after an award by the Bankruptcy Court in this case, after appropriate application by Trustee, of my fees and expenses will I or my law firm be entitled to be paid such compensation and receive reimbursement of such expenses by Trustee.

7.     I further represent and warrant that Antablin & Bruce, ALP, maintains errors and omissions insurance coverage in the amount of $ *1,000,000.00* and has provided or will provide a copy of its policy to Trustee within ten (10) days hereof.

8.     I further acknowledge, understand, and agree that a discharge issued in the case has no effect on Trustee's administration of this claim or the foregoing conditions of my employment.

13752668v3

9.    The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

Dated this **22** day of November, 2019.

Name: _DREW R. ANTABLIN_

California Bar No. _075710_

## EXHIBIT "B" FOLLOWS

# THE DOUGLAS FIRM, APC
## CARL E. DOUGLAS

8484 WILSHIRE BLVD., SUITE 548
BEVERLY HILLS, CALIFORNIA 90211
(323)655-6505
FAX: (323) 651-4990
EMAIL: carl@thedouglasfirm.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# ANTABLIN & BRUCE, ALP

8484 WILSHIRE BLVD., SUITE 548
BEVERLY HILLS, CALIFORNIA 90211
(213) 651-4490
FAX: (323) 651-4990
EMAIL: antablin@sbcglobal.net

## <u>CONTINGENCY FEE RETAINER AGREEMENT</u>

THIS IS AN AGREEMENT between <u>*RHANDI THOMAS*</u>
hereinafter referred to as "Client," The Douglas Firm, APC, and Antablin & Bruce, ALP,
hereafter referred to as "Attorney."

1. **<u>Matter Covered</u>**

    Client retains Attorney to represent Client in connection with a
claim for damages, injury or loss against such persons who may be liable therefor, arising out of
the following accident or transaction: <u>*AUGUST 3, 2012 BEATING OF*</u>
<u>*DARREN BURLEY*</u>
_____.

    Initials: ____ / ____

2. **<u>Services to be Performed by Attorney</u>**

    Attorney agrees to perform the legal services reasonably required to prosecute
Client's claim to settlement or judgment in a trial court; and if the judgment is in Client's favor
to oppose any motion for new trial or judgment notwithstanding the verdict.

    Initials: ____ / ____

    (a)    No other services are covered by this Agreement; thus, if the judgment is
unsatisfactory to Client, Attorney shall not be obligated to render services in connection with a
motion for new trial; nor shall Attorney be obligated to render services on appeal or in

THE DOUGLAS FIRM, APC
ANTABLIN & BRUCE, ALP

Contingency Fee Retainer Agreement
Page -2-

proceedings to enforce the judgment.  (If no verdict is reached after a trial, Attorney shall not be obligated without prior written agreement, to render services in connection with a second trial.)

Initials: _____ / _____

(b)      Attorney is authorized to associate and employ other counsel to assist in representing Client, at Attorney's own expense, and no additional expense to Client.

Initials: _____ / _____

3.      **Litigation Costs and Expenses**

Client shall be liable for <u>all</u> costs and expenses incurred by Attorney in connection with Client's claim.  Reimbursement of costs and expenses is contingent on approval by the United States Bankruptcy Court, Northern District of Georgia and based upon available funds.

Initials: _____ / _____

(a)      Attorney may advance any or all of such costs and expenses on Client's behalf, in which every Client agrees to reimburse Attorney upon Attorney's demand.  Such reimbursement shall be made regardless of the status or outcome of the legal action on Client's claim, or the amount recovered.

Initials: _____ / _____

4.      **Fee to Attorney**

Client acknowledges that Client has been advised by Attorney that any contingency fee is negotiable and is not set by law.

Initials: _____ / _____

(a)      Bearing such advice in mind, Client agrees that Attorney shall be paid for legal services rendered in an amount equal to thirty-three and one third percent (33 1/3 %) of the gross recovery if the case is settled prior to filing a complaint for damages, or other initial charging document, or forty percent (40 %) of the gross recovery if this matter is settled by way of jury verdict or settlement after the filing a complaint for damages, or other initial charging document in this case.  Payment of any fees is contingent on approval by the United States Bankruptcy Court, Northern District of Georgia and based upon available funds.

Initials: _____ / _____

THE DOUGLAS FIRM, APC
ANTABLIN & BRUCE, ALP

Contingency Fee Retainer Agreement
Page -3-

      (b)    Client acknowledges that in the event service contemplated here is on behalf of a person who is a minor or incompetent at the time of distribution of any recovery or settlement, the Court shall set the fee for the minor's or incompetent's portion of said recovery, and that amount shall prevail over the other terms of this Agreement.

Initials: _____ / _____

5.      **Costs and Expenses as Affecting Contingency Fee**

      Client's net recovery shall consist of the gross amount of the recovery less Attorney fees and costs.  Attorneys' fees shall consist of the applicable contingency fee applied to Client's gross recovery (before costs are deducted).

Initials: _____ / _____

      (a)    These costs include, but are not limited to, court filing fees, process servers' fees, court reporters' fees, to experts (for consultation with Attorneys and appearances at motions, hearings, depositions, trial, or arbitration), arbitrators' fees, jury fees, messenger expenses, postage, telephone bills, travel costs, copying expenses, investigation expenses and the costs associated with developing trial or arbitration exhibits.  Attorneys may advance any and all costs incurred by Client, at the sole discretion of Attorneys.  If the costs are advanced by Attorneys, the amount will be deducted from the gross recovery, before any fee is deducted.

Initials: _____ / _____

      (b)    Apart from costs and reimbursement therefor as described elsewhere in this Agreement, Client agrees to pay at the conclusion of the case a separate non-refundable amount of $100.00 per year for standard in-house clerical costs such as long distance calls, internal photocopying and facsimile transmissions.  This amount, which is due at time of recovery, shall be in addition to all other costs due Attorney from Client as a result of the prosecution and/or settlement of the matter.

Initials: _____ / _____

      (c)    Apart from costs and reimbursements as described above, Client agrees to pay a separate non-refundable fee in the amount of $_____.  This amount is a True Retainer, paid in consideration of the Attorneys' willingness to accept the case, which will be deemed by the Attorney as earned when paid and will not be held in trust.

Initials: _____ / _____

      (d)    If a settlement offer is tendered by the Defendants, and Attorneys believes in good faith that the settlement offer should be accepted, and communicate this belief to the Client, but the Client nonetheless does not accept the settlement offer, Attorneys may require Client: (1) to reimburse all costs already incurred; and (2) to advance the reasonable costs of trial and any other anticipated future litigation expenses.  If Client dismisses Attorneys for any reason,

THE DOUGLAS FIRM, ArC
ANTABLIN & BRUCE, ALP

Contingency Fee Retainer Agreement
Page -4-

including substitution of another Attorney, Attorney may require Client to reimburse
immediately all costs already advanced.

Initials: _____/_____

6.    **Attorney's Lien**

Client hereby grants Attorney a lien on Client's claim and any cause of action
filed thereon to secure payment to Attorney of all sums due under this Agreement for services
rendered and costs advanced.

Initials: _____/_____

7.    **Withdrawal**

In the event of an unresolved dispute between Client and Attorney over Client's
refusal to accept Attorney's advise regarding case strategy and/or settlement of this case,
Attorney shall have the right upon providing adequate notice to:

(a)    Require the Client to sign a Substitution of Attorney replacing Client (as
        his/her own Attorney) in place and stead of Attorney, or;

(b)    In such event, should Client fail or refuse to sign a Substitution of
        Attorney, to move the Court for and obtain permission to withdraw as
        Attorney for Client.

Initials: _____/_____

Client agrees to permit Attorneys to withdraw from Client's case for any good
cause.  Good cause includes, but is not limited to:

(1)    Client's refusal to accept a reasonable settlement offer;
(2)    Client's refusal to advance costs as set forth above;
(3)    Client's failure to participate fully in discovery or trial preparation;
(4)    Client's refusal to follow Attorney's advise; or
(5)    Investigation proving Client's case to be substantially without merit or of
        substantially lesser value than previously believed by Attorney.

To the extent the law allows, this withdrawal may be effected by filing a Substitution of
Attorneys form, substituting the Client in as Client's own Attorney.

THE DOUGLAS FIRM, ᴀᴘC
ANTABLIN & BRUCE, ALP

Contingency Fee Retainer Agreement
Page -5-

In such event, should Client's fail or refuse to sign a Substitution of Attorney form, Attorney may move the Court for and obtain permission to withdraw as Attorney for Client.

Initials: _____ / _____

8.      Client understands and agrees that Attorney employs various Attorneys in its offices who may work on Client's matter and who may appear in Court on behalf of Client.  In addition, Client authorizes Attorney to associate and employ other Attorneys to assist in representing Client, at Attorney's own expense.

Initials: _____ / _____

9.      **Dismissal of Attorney**

Should a Substitution of Attorney by made without the consent of Attorney, or should Client otherwise dismiss Attorneys, in addition to reimbursing all advised costs, as set forth above, Client hereby grants to Attorneys a lien on the causes of action covered by this Agreement, in an amount based on Attorneys' usual and customary hourly charge (which for the Attorney Carl E. Douglas is $550.00 per hour).  These charges also are applicable if Client has contemporaneously hired other Attorneys to be working on Client's case.  If a Defendant has made a settlement offer prior to the Substitution of Attorneys, which was requested by the Client, then Attorneys, at his discretion, may determine their lien based upon the highest settlement offer or offers made by a Defendant, using the contingency fee percentages set forth above.

Initials: _____ / _____

10.     **Settlement**

No compromise or other settlement of Client's claims will be made without the consent of Client.

Initials: _____ / _____

11.     Whenever a verdict, judgment, award or settlement is obtained in the matter covered by this Agreement, Client authorizes Attorneys to sign on behalf of Client, using Client's name as necessary, any and all legal instruments necessary to conclude settlement or to reduce to possession anything of value due under the claim.  Attorneys are then authorized to deposit the proceeds in Attorneys' trust account, to deduct their fees and costs therefrom, to pay all liens, and to pay the balance to Client.  Attorneys are given a lien for all services and advances upon any recovery and are authorized to deduct these fees and advances therefrom.

Initials: _____ / _____

THE DOUGLAS FIRM, APC
ANTABLIN & BRUCE, ALP

Contingency Fee Retainer Agreement
Page -6-

12.    **No Guarantees**

Client acknowledges that Attorneys have made no representations or guarantees as to what economic result can be obtained for him, nor has Attorneys made any promises as to the successful outcome of this case.

Initials: _____ / _____

13.    **Medical Bills & Hospital Expenses**

Client acknowledges that s/he, and not Attorneys, are solely responsible for all medical bills related to the injuries that are the subject of Client's case, including hospital, nursing, and medical care, all therapies, medicines, x-rays, ambulance, laboratory charges and the like. Client agrees that any of these bills remaining unpaid at the time of any recovery, whether or not a lien has been issued, will be paid from the Client's share of the recovery.

Initials: _____ / _____

14.    **Duty to Keep Attorney Informed and Cooperate**

Client hereby agrees to keep Attorneys informed of the whereabouts of Client at all times (including residential and work addresses and telephone numbers), to cooperate at all times in the preparation and trial of Client's case, and to keep Attorneys informed of any developments in the case. Client further agrees to make an honest and complete disclosure of all facts relating to the case and to the Client's background, both favorable and unfavorable.

Initials: _____ / _____

15.    **Binding Arbitration**

~~Client has been informed that any dispute relating to Attorneys' fees under this Agreement shall be submitted to binding arbitration before the Los Angeles Bar Association pursuant to California *Business and Professions* Code Section 6200, et seq., or, should that organization decline to arbitrate the dispute, before the State Bar of California pursuant to California *Business and Professions* Code Section 6200, et seq.~~

Initials: _____ / _____

~~Any other dispute (other than Attorneys fees) between the parties hereto arising out of or relating to this Agreement or Attorneys' professional services rendered to or for Client shall be resolved by binding arbitration before the American Arbitration Associate in Los Angeles,~~

THE DOUGLAS FIRM, APC
ANTABLIN & BRUCE, ALP

Contingency Fee Retainer Agreement
Page -7-

~~California, in accordance with the Commercial Rules of the American Arbitration Association prevailing at the time of the arbitration.~~

Initials: _____ / _____

16.    **Miscellaneous**

Client acknowledges that s/he has been informed that Attorneys maintain professional errors and omissions insurance coverage within the statutory requirements for the services to be rendered on Client's behalf.

This Agreement contains the entire agreement between the parties hereto and shall be binding upon the heirs and assigns of the parties.  In the event any portion of this Agreement is held invalid, that portion will be stricken and the remainder of the Agreement enforced.

Initials: _____ / _____

17.    **Copy Received by Client:**

Client acknowledges receipt of a copy of this Agreement concurrently with Client's execution thereof.  CLIENT ACKNOWLEDGES THAT  CLIENT HAS READ THIS AGREEMENT AND THAT CLIENT IS LEGALLY BOUND BY THIS AGREEMENT.

Initials: _____ / _____

Entered into at _Beverly Hills, CA_ , on _August 18_ , ~~2011~~ 2012.

Attorney:
THE DOUGLAS FIRM, APC

By_____

Attorney:
ANTABLIN & BRUCE, ALP

By_____

CLIENT(S)

_____

_____

_____

Revised: May 19, 2011

**EXHIBIT "C" FOLLOWS**

# DOUGLAS / HICKS LAW, APC
## CARL E. DOUGLAS, Esq.
## JAMON R. HICKS, Esq.

5120 W. GOLDLEAF CIRCLE, SUITE 140
LOS ANGELES, CALIFORNIA 90056
(323) 655-6505
FAX: (323) 927-1941
EMAIL: Carl@DouglasHicksLaw.com
Jamon@DouglasHicksLaw.com

## CONTINGENCY FEE RETAINER AGREEMENT

THIS IS AN AGREEMENT between RHANDI THOMAS, and TERRI THOMAS as Guardian *ad Litem* for DANIEL BURLEY and DYLAN BURLEY, referred to as "Clients," and DOUGLAS / HICKS LAW, APC, referred to as "Attorneys."

1. **Matter Covered**

Clients retain Attorneys to represent Clients in connection with a claim for damages, injury or loss against such persons who may be liable therefor, arising out of the following accident or transaction: the appeal to the Court of Appeals from the Judgment in favor of the Plaintiffs entered on March 17, 2015 in the Matter of Daniel Burley, et al vs. County of Los Angeles, et al., Case No. BC 505918.

Initials: _____/_____

2. **Services to be Performed by Attorneys**

Attorneys agree to perform the legal services in the Second Circuit Court of Appeals reasonably required to defend the Judgment obtained as a result of the $8,000,000.00 verdict entered in this matter on December 29, 2041.

Initials: _____/_____

(a)    Attorneys are authorized to associate and employ other counsel to assist in representing Clients, at Attorneys's own expense, and no additional expense to Clients.

Initials: _____/_____

3. **Litigation Costs and Expenses**

Clients shall be liable for <u>all</u> costs and expenses incurred by Attorneys in connection

Scanned with CamScanner

DOUGLAS / HICKS LAW, APC

Contingency Fee Retainer Agreement
Page -2-

with Clients' claim.

Initials: 

     (a)    Attorneys may advance any or all of such costs and expenses on Clients' behalf, but Clients agree to reimburse Attorneys for all such costs within 30 days upon Attorneys' demand. Such reimbursement shall be made regardless of the status or outcome of the legal action on Clients' claim, or the amount recovered.

Initials: 

### 4. Fee to Attorneys

Clients acknowledge that Clients have been advised by Attorneys that any contingency fee is negotiable and is not set by law.

Initials: 

     (a)    Bearing such advice in mind, Clients agree that Attorneys shall be paid for legal services rendered in an amount equal to ten percent (10 %) of any gross recovery .

Initials: 

### 5. Costs and Expenses as Affecting Contingency Fee

Clients' net recovery shall consist of the gross amount of the recovery less Attorney fees and costs. Attorneys' fees shall consist of the applicable contingency fee applied to Clients' gross recovery (before costs are deducted).

Initials: 

     (a)    These costs include, but are not limited to, court filing fees, process servers' fees, court reporters' fees, expert witness fees (for consultation with Attorneys and appearances at motions, hearings, depositions, trial, or arbitration), arbitrators' fees, jury fees, messenger expenses, postage, telephone bills, travel costs, copying expenses, investigation expenses and the costs associated with developing trial or arbitration exhibits. Attorneys may advance any and all costs incurred by Clients, at the Attorneys' sole discretion. If the Attorneys advanced costs, the amount will be deducted from the gross recovery, after any fee is deducted.

Initials: _____ / _____

     (a)    If a settlement offer is tendered by the Defendants, and Attorneys believe in good faith that the settlement offer should be accepted, and communicate this belief to the Clients, but the Clients nonetheless do not accept the settlement offer, Attorneys may require Clients: (1) to reimburse all costs already incurred; and (2) to advance the reasonable costs of trial and any other

Scanned with CamScanner

DOUGLAS / HICKS LAW, APC

Contingency Fee Retainer Agreement
Page -3-

anticipated future litigation expenses. If Clients dismiss Attorneys for any reason, including substitution of another Attorneys, Attorneys may require Clients to reimburse immediately all costs already advanced.

Initials: _____ / _____

6.    **Attorneys' Lien**

Clients hereby grant Attorneys a lien on Clients' claim and any cause of action filed thereon to secure payment to Attorneys of all sums due under this Agreement for services rendered and costs advanced.

Initials: _____ / _____

7.    **Withdrawal**

In the event of an unresolved dispute between Clients and Attorneys over Clients' refusal to accept Attorneys' advice regarding case strategy and/or settlement of this case, Attorneys shall have the right upon providing adequate notice to:

(a)    Require the Clients to sign a Substitution of Attorney form replacing Clients (as her own Attorney) in place and stead of Attorneys, or;

(b)    In such event, should Clients fail or refuse to sign a Substitution of Attorney form, to move the Court for and obtain permission to withdraw as Attorneys for Clients.

Initials: _____ / _____

Clients agree to permit Attorneys to withdraw from Clients' case for any good cause. Good cause includes, but is not limited to:

(1)    Clients' refusal to accept a reasonable settlement offer;
(2)    Clients' refusal to advance costs as set forth above;
(3)    Clients' failure to participate fully in discovery or trial preparation;
(4)    Clients' refusal to follow Attorneys' advice; or
(5)    Investigation proving Clients' case to be substantially without merit or of substantially lesser value than previously believed by Attorneys.

Initials: _____ / _____

To the extent the law allows, this withdrawal may be effected by filing a Substitution of

**Scanned with CamScanner**

DOUGLAS / HICKS LAW, APC

Contingency Fee Retainer Agreement
Page -4-

Attorney form, substituting the Clients in as Clients' own Attorney. In such event, should Clients fail or refuse to sign a Substitution of Attorney form, Attorneys may move the Court for and obtain permission to withdraw as Attorneys for Clients.

Initials: _____ / _____

8.    Clients understand and agrees that Attorneys employ various Attorneys in its offices who may work on Clients' matter and who may appear in Court on Clients' behalf. In addition, Clients authorize Attorneys to associate and employ other Attorneys to assist in representing Clients, at Attorneys' own expense.

Initials: _____ / _____

9.    **Dismissal of Attorneys**

Should a Substitution of Attorneys be made without the consent of Attorneys, or should Clients otherwise dismiss Attorneys, in addition to reimbursing all advanced costs, as set forth above, Clients hereby grant to Attorneys a lien on the causes of action covered by this Agreement, in an amount based on Attorneys' usual and customary hourly charge (which for the Attorneys Carl E. Douglas is $850.00 per hour Jamon R. Hicks is $600.00 per hour). These charges also are applicable if Clients have contemporaneously hired other Attorneys to be working on Clients' case. If a Defendant has made a settlement offer prior to the Substitution of Attorneys, which was requested by the Clients, then Attorneys, at their discretion, may determine their lien based upon the highest settlement offer or offers made by a Defendant, using the contingency fee percentages set forth above.

Initials: _____ / _____

10.    **Settlement**

There can be no compromise or other settlement of Clients' claims without the Clients' expressed consent.

Initials: _____ / _____

11.    Whenever a verdict, judgment, award or settlement is obtained in the matter covered by this Agreement, Clients authorize Attorneys to sign on Clients' behalf, using Clients' names as necessary, any and all legal instruments necessary to conclude settlement or to reduce to possession anything of value due under the claim. Attorneys are then authorized to deposit the proceeds in Attorneys' trust account, to deduct their fees and costs therefrom, to pay all liens, and to pay the balance to Clients. Attorneys are given a lien for all services and advances upon any recovery and are authorized to deduct these fees and advances from that recovery.

DOUGLAS / HICKS LAW, APC

Contingency Fee Retainer Agreement
Page -5-

Initials: _____

**12.    No Guarantees**

Clients acknowledge that Attorneys have made no representations or guarantees as to what economic result can be obtained for him, nor have Attorneys made any promises as to the successful outcome of this case.

Initials: _____

**13.    Medical Bills & Hospital Expenses**

Clients acknowledge that s/he, and not Attorneys, is solely responsible for all medical bills related to the injuries that are the subject of Clients' case, including hospital, nursing, and medical care, all therapies, medicines, x-rays, ambulance, laboratory charges and the like. Clients agree that any of these bills remaining unpaid at the time of any recovery, whether or not a lien has been issued, will be paid from the Clients' share of the recovery.

Initials: _____

**14.    Duty to Keep Attorneys Informed and Cooperate**

Clients hereby agree to keep Attorneys informed of the Clients' whereabouts at all times (including residential and work addresses and telephone numbers), to cooperate at all times in the preparation and trial of Clients' case, and to keep Attorneys informed of any developments in the case. Clients further agree to make an honest and complete disclosure of all facts relating to the case and to the Clients' background, both favorable and unfavorable.

Initials: _____

**15.    Binding Arbitration**

Clients have been informed that any dispute relating to Attorneys' fees under this Agreement shall be submitted to binding arbitration before the Los Angeles Bar Association pursuant to California *Business and Professions* Code Section 6200, et seq,, or, should that organization decline to arbitrate the dispute, before the State Bar of California pursuant to California *Business and Professions* Code Section 6200, et seq.

Initials: _____

Any other dispute (other than Attorney fees) between the parties hereto arising out of or relating to this Agreement or Attorneys' professional services rendered to or for Clients shall be resolved by binding arbitration before the American Arbitration Associate in Los Angeles,

Scanned with CamScanner

DOUGLAS / HICKS LAW, APC

Contingency Fee Retainer Agreement
Page -6-

California, in accordance with the Commercial Rules of the American Arbitration Association prevailing at the time of the arbitration.

Initials: _____ / _____

16.    **Miscellaneous**

Clients acknowledge that s/he has been informed that Attorneys maintain professional errors and omissions insurance coverage within the statutory requirements for the services to be rendered on Clients' behalf.

Initials: _____ / _____

This Agreement contains the entire agreement between the parties hereto and shall be binding upon the heirs and assigns of the parties. In the event any portion of this Agreement is held invalid, that portion will be stricken and the remainder of the Agreement enforced.

Initials: _____ / _____

17.    **Copy Received by Clients:**

Clients acknowledge receipt of a copy of this Agreement concurrently with Clients' signature. CLIENTS ACKNOWLEDGE THAT CLIENTS HAVE READ THIS AGREEMENT AND THAT CLIENTS ARE LEGALLY BOUND BY THIS AGREEMENT.

Initials: _____ / _____

Entered into at _____ Atlanta, GA _____ , on _____ Sept 8 _____ , 201_5_.

Attorneys:                                      CLIENTS
**DOUGLAS / HICKS LAW, APC**

By _____       _____
                                                Rhandi Thomas

                                                _____
                                                Terri Thomas as Guardian ad Litem for
                                                Daniel Burley and Dylan Burley

Revised: August 1, 2015

**Scanned with CamScanner**

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing *AMENDED APPLICATION TO EMPLOY SPECIAL COUNSEL FOR TRUSTEE* by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage affixed thereon to assure delivery by first class mail to the following entities at the addresses stated:

Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

S. Gregory Hays
Hays Financial Consulting, LLC
Suite 555
2964 Peachtree Road
Atlanta, GA 30305

Rhandi Danell Thomas
2678 Rambling Way
Lithonia, GA  30058

Jonathan A. Proctor
The Semrad Law Firm, LLC
Sterling Point II
303 Perimeter Center North
Suite 201
Atlanta, GA  30346

Carl E. Douglas
Douglas/Hicks Law
5120 W Goldleaf Circle
Ste. 140
Los Angeles, CA 90056

Antablin & Bruce, ALP
6300 Wilshire Blvd.
Ste. 840
Los Angeles, CA 90048

13752668v3

This 25th day of November, 2019.

/s/ Michael J. Bargar
Michael J. Bargar
Georgia Bar No. 645709